UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CHAD WHITE, | |
| Petitioner, | Civil Action No. 6:19-209-KKC |
| v. | **MEMORANDUM OPINION AND ORDER** |
| J.A. BARNHART, WARDEN, | |
| Respondent. | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Chad White is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, White filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], which is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny White's petition.

In 2017, a federal grand jury indicted White, charging him with (1) possession with the intent to distribute marijuana; (2) using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime; and (3) being a felon in possession of a firearm. *See United States v. Chad White*, No. 1:17-cr-251 at R. 1 (W.D. Mich. 2017). At the time, White was incarcerated at the Van Buren County Jail in western Michigan and, therefore, the United States filed a petition for a writ of habeas corpus ad prosequendum. *See id.* at R. 3. A United States Magistrate

Judge granted that petition, and White was transported to the custody of the United States Marshal for the Western District of Michigan. *See id.*

White's federal criminal case moved forward and, eventually, he pled guilty to using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime. *See* Rs. 42, 43. The United States District Court for the Western District of Michigan then sentenced White to 84 months in prison. *See* R. 86. White appealed his case to the United States Court of Appeals for the Sixth Circuit, but he later voluntarily dismissed that appeal. *See* R. 106.

White has now filed a § 2241 petition with this Court, and he indicates that he is challenging the computation of his sentence. [R. 1 at 1]. Although White's arguments are difficult to follow, he appears to be asserting three different claims. First, White implies that the Bureau of Prisons (BOP) has miscalculated his release date by failing to grant him credit for the time he spent in custody between November 3, 2017 and September 18, 2018. [*See* R. 1 at 5; R. 1-1 at 4]. Second, White suggests that the Western District of Michigan's sentence runs afoul of § 5G1.3(b) of the United States Sentencing Guidelines. [*See* R. 1 at 5; R. 1-1 at 4]. Third, White argues that his trial attorney provided him with ineffective assistance of counsel because the lawyer did not adequately address what White calls "the jail credit question" and "concurrency issue." [R. 1-1 at 5]. Ultimately, White asks this Court to grant him "a downward departure of [approx.] ten 10 months and ten (10) days to be adjusted to said petitioner's current federal sentence." [R. 1 at 8].

2

The Court has fully reviewed White's submission, but it will deny his petition at this time. To be sure, a § 2241 petition is a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Thus, White's first claim—which implies that the BOP has miscalculated his release date—is one that he generally could raise in a § 2241 petition. However, White makes it clear that he has not yet taken steps to formally exhaust his administrative remedies within the BOP. [R. 1-1 at 1-2]. While White claims that he "need not exhaust [his] administrative remedies" because doing so would be "frivolous" [R. 1-1 at 2], he has not adequately explained why that would be the case, and the United States Court of Appeals for the Sixth Circuit has repeatedly made it clear that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). This exhaustion requirement ensures that the agency has an opportunity to review its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and ensures that a court reviewing the agency's final action does so based upon a complete record. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Since White did not fully exhaust his administrative remedies within the BOP, his habeas petition is premature.

Finally, White's second and third claims—that the Western District of Michigan's sentence runs afoul of § 5G1.3(b) of the sentencing guidelines and White's trial attorney provided him with ineffective assistance of counsel—are simply not proper in a § 2241 petition. Instead, these claims are only appropriate on direct appeal and/or in a motion to vacate pursuant to 28 U.S.C. § 2255. *See Corral v. Barnhart*, No. 6:18-cv-116-GFVT, 2018 WL 3615994, at *3 (E.D. Ky. 2018) (explaining that claims of ordinary trial error must be pursued on direct appeal and/or in a § 2255 motion).

Accordingly, it is hereby **ORDERED** as follows:

1. White's petition for a writ of habeas corpus pursuant to § 2241 [R. 1] is **DENIED**.
2. This action is **STRICKEN** from the Court's docket.
3. The Court will enter a corresponding Judgment.

Dated August 29, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY